# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

RAYMOND MURRAY, on behalf of himself
and all others similarly situated,                                  Case No.: 0:16-cv-61532-BB

       Plaintiff,

vs.

INTEGRA PROPERTY SERVICES, LLC and
RICHARD FITCH, individually,

       Defendants.

_____/

## PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS INTEGRA PROPERTY SERVICES, LLC AND RICHARD FITCH

Plaintiff, Raymond Murray ("Plaintiff"), by and through undersigned counsel, in accordance with Federal Rule of Civil Procedure 55(b)(1) and the Local Rules of the United States District Court for the Southern District of Florida, hereby moves for entry of Final Judgment as to Defendants, Integra Property Services, LLC ("Integra") and Richard Fitch ("Fitch"), and in support thereof states as follows:

## INTRODUCTION

1. On June 29, 2016, Plaintiff brought this action against the Defendants to recover unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. § 201 *et. seq.* [Dkt. Ent. No. 1].

2. On July 1, 2016, the Court issued its Order in Actions Brought Under the Fair Labor Standards Act. [Dkt. Ent. No. 5]. Pursuant to that Order, the parties were required to attend a settlement conference before Magistrate Valle, and that a failure to comply with the

Court's order may result in the impositions of sanctions, including but not limited to, the entry of default. *Id*.

3. On October 10, 2016, the Court issued an Order requiring the parties to attend a settlement conference with Judge Valle on November 15, 2016.  [Dkt. Ent. No. 29].

4. On November 15, 2016, Defendants were sanctioned for failing to appear at the Court Ordered Scheduling Conference.  [Dkt. Ent. No. 33].  The Court's sanction required Defendants to send payment to Plaintiff's attorney in the amount of $412.50. *Id*.

5. On December 5, 2016, Plaintiff's attorney received payment from Defendants in the form of a check in the amount of $412.50, and on the same day deposited said check into the firm's business operating account.

6. On December 13, 2016, Defendants' check was returned to Plaintiff's attorney due to insufficient funds.  *See* Dkt Ent. No. 45.  As a result of Defendants' check bouncing, Plaintiff's attorney is required to pay his bank a returned check free of $12.00.  *Id*.

7. On December 7, 2016, the Court issued an Order granting Defendants' attorney's Motion to Withdraw as Attorney.  [Dkt. Ent. No. 40].  Pursuant the Court's December 7th Order, "Defendant Integra Property Services, LLC must obtain counsel by **December 16, 2016**, who, by such date, must file a notice of appearance; Defendant Richard Fitch must inform the Court by **December 16, 2016** whether he has obtained counsel or wishes to proceed *pro se*. If Defendant Fitch obtains new counsel, such counsel must file a notice of appearance by **December 16, 2016**; …. [and a] Failure to abide by any of the above deadlines or other deadlines of record may result in the Court ordering Plaintiff to move for default… *Id*. (emphasis in original).

8. In yet another violation of the Court's directive, Defendants have failed to retain counsel by December 16, 2016.  Accordingly, Plaintiff now requests a Default Final Judgment in his favor and against Defendants.

9. Attached as Exhibit A is Plaintiff's Affidavit evidencing the amount of wages he is owed. Plaintiff's Affidavit is the best evidence of his hours worked as Defendants have failed to consistently participate in this case. Such approximations of hours worked by an employee are acceptable when there are no time records available. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946); *Reich v. Southern New England Telecom. Corp.,* 121 F.3d 58 (2d Cir. 1997).

10. Plaintiff's wages, inclusive of liquidated damages total $16,684.00 *See* Plaintiff's Affidavits at ¶5.

11. An employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *See Joiner v. City of Macon,* 814 F.2d 1537 (11th Cir. 1987).  In this case, Defendants fail to meet its burden to oppose the imposition of liquidated damages.

12. An additional element of Plaintiff's claim is the recovery of attorneys' fees and costs. Specifically, 29 U.S.C. § 216(b) authorizes an award of attorneys' fees and costs to the prevailing plaintiffs in any proceedings to enforce the provisions of the FLSA. The Amended Complaint in this case shows that this was a proceeding to enforce the provisions of the FLSA.

13. A prevailing plaintiffs' fee in an FLSA matter is mandatory. *See Weisel v. Singapore Joint Venture, Inc.,* 602 F.2d 1185 (5th Cir. 1979).

14. The initial estimate of a reasonable attorneys' fee is properly calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.

15. Attached to this Motion as Exhibit "B" is the Affidavit of attorney Jonathan Minick. The Affidavit contains a certification that the hours claimed are well grounded and in fact justified. The Hours Affidavit Shows that Jonathan S. Minick, P.A., spent 41.88 hours of attorney time litigating this case.

16. Sworn testimony by counsel that the hours were spent litigating this case is evidence of considerable weight of the time required and it must appear that the time is obviously and convincingly excessive to reduce the hours. *See Perkins v. Mobile Housing Authority,* 847 F.2d 738 (11th Cir. 1988).

17. The prevailing party is entitled to attorneys' fees for time spent litigating an attorneys' fee award. *See Jonas v. Stack,* 758 F.2d 567, 568 (11th Cir. 1985).

18. The total fee for Jonathan S. Minick, P.A. is $11,590.98 (41.88 hours X $275.00 per hour) with costs in the amount of $512.00.

19. By executing this Motion, counsel for Plaintiff certifies that he has fully reviewed the time records and supporting data in support of such Motion and that this Motion is well grounded in fact and justified.

WHEREFORE, Plaintiff Raymond Murray requests the entry of a Final Judgment in his favor and against Defendants in the total amount of $28,786.98.

Dated:  December 19, 2016                    Respectfully submitted,

                                            s/Jonathan S. Minick
                                            Jonathan S. Minick, Esq.
                                            FBN:  88743
                                            E-mail:  jminick@jsmlawpa.com
                                            Jonathan S. Minick, P.A.
                                            1850 SW 8th Street, Suite 307
                                            Miami, Florida 33135
                                            Phone: (786) 441-8909
                                            Facsimile: (786) 523-0610
                                            Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 19, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

## SERVICE LIST

Integra Property Services, LLC and Richard Fitch
20855 NE 16th Ave, Suite C38
Miami, Florida 33179
Service via U.S. Mail


Integra Property Services, LLC and Richard Fitch
c/o Robert Salinas, Registered Agent
1001 Ives Dairy Rd.
Suite 206
Miami, FL 33179